UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHAD BOURNE, | Case No. 3:22-cv-00521-MMD-CSD |
| Plaintiffs, | ORDER |
| v. | |
| ROOKIES INC., | |
| Defendant. | |

**I.   SUMMARY**

This is an employment discrimination action brought by Plaintiff Chad Bourne against his former employer Rookies Inc., doing business as Rookie's Sports Bar and Grill. (ECF No. 1 ("Complaint").) Before the Court is Defendant's motion to dismiss (ECF No. 13).[1] As further explained below, because Plaintiff's disability discrimination and retaliation claims are time-barred, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state tort claim, the Court will grant in part and deny in part Defendant's motion to dismiss.

**II.   BACKGROUND**

The following allegations are adapted from the Complaint. Plaintiff began his employment with Defendant as a bartender in August 2019. (ECF No. 1 at 3.) Defendant was aware that Plaintiff was diagnosed with ADHD due to a traumatic brain injury and suffered from occasional seizures. (*Id.*) On or about December 30, 2019, while working at Rookie's, Plaintiff had a seizure, lost consciousness, hit his head, and knocked out his teeth. (*Id.*) Thereafter, Plaintiff was removed from the work schedule, and he complained to his Rookie's supervisor that "he felt he was being discriminated against based on his

---

[1]Plaintiff responded (ECF No. 14), and Defendant replied (ECF No. 17).

disability since Rookie's was not allowing him to return to work." (*Id.*) On or about January 20, 2020, Defendant terminated Plaintiff's employment. (*Id.*)

On or about May 9, 2020, Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 2.) On August 26, 2022, the EEOC issued Plaintiff a right to sue letter. (*Id.*; ECF No. 6 at 2.) On November 25, 2022, Plaintiff's counsel attempted to file the Complaint, but it was not properly uploaded. (ECF No. 1 at 3.) On December 13, 2022, Plaintiff properly filed the Complaint on the docket. (ECF No. 1 (indicating file date of December 13, 2022).)

Plaintiff asserts three claims for relief: (1) disability discrimination and harassment under 42 U.S.C. § 12101 *et seq.*, the Americans with Disabilities Act ("ADA"), and Nevada Revised Statutes ("NRS") § 613.330; (2) retaliation under the ADA, 42 U.S.C. § 12203, and NRS § 613.340; and (3) negligent hiring, training, and supervision. (*Id.* at 4-6.)

### III. DISCUSSION

Defendant moves to dismiss all three of Plaintiff's claims. The Court addresses Defendant's motion as to each challenged claim.

#### A. Disability Discrimination and Retaliation Claims

Defendant argues that Plaintiff's disability discrimination and retaliation claims must be dismissed because they are untimely. (ECF No. 13 at 4.) Under the ADA and Nevada law, a plaintiff must file a disability discrimination lawsuit within ninety days after receiving a notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (setting 90-day period in which Title VII complainant may bring a civil action); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (stating that the 90-day period operates as a limitations period, and if a litigant does not file suit within 90 days of receipt of the notice of right to sue, the action is time-barred); *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1243-44 (9th Cir. 2010) (citing 42 U.S.C. § 12117(a)) (ADA adopts the procedure set forth in § 2000e-5); NRS § 613.430 (same 90-day limitations period under Nevada law after receipt of EEOC right to sue notice).

Plaintiff's right to sue notice indicates that the EEOC issued it on August 26, 2022 and clearly states that "[Plaintiff's] lawsuit must be filed WITHIN 90 DAYS of [his] receipt of this notice." (ECF No. 6 at 2.) The date of receipt is unknown, and therefore, the Court applies the presumption that Plaintiff received the right to sue notice within three days after its issuance. *See Payan*, 495 F.3d at 1125 ("Based on the Supreme Court's use of the three-day presumption in *Baldwin*, its adoption by an overwhelming number of circuits, and its basis in Federal Rule of Civil Procedure 6(e), we adopt the three-day presumption as the governing standard for this circuit."). This presumes that Plaintiff received the notice by August 29, 2022 and was required to file his Complaint within the following 90 days—by November 27, 2022. However, according to the Court's docket, Plaintiff did not file his Complaint until December 13, 2022—16 days late. (ECF No. 1 (indicating file date of December 13, 2022).) *See also* LR IC 3-1(b) ("An electronic document is deemed filed as of the date and time stated on the 'Notice of Electronic Filing.' The Notice of Electronic Filing is emailed to each filer and the date of filing is shown on the docket."). Accordingly, because Plaintiff failed to file his Complaint within the 90-day limitations period, his disability discrimination and retaliation claims are time-barred unless equitable tolling applies.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Plaintiff argues that equitable tolling applies because the error Plaintiff's counsel encountered with the CM/ECF system on November 25, 2022 "accounts for excusable delay." (ECF No. 14 at 8.) A declaration by Plaintiff's counsel explains that on November 25, 2022, he attempted to electronically file the Complaint, but it was "never properly docketed into Pacer/ECF, while not providing [him] with any type of error message." (ECF No. 14-2 at 3.) Plaintiff did however successfully pay the filing fee on November 25, 2022 and submits the payment receipt as proof. (ECF No. 14-3.) Plaintiff's counsel's declaration further explains

3

that he realized the Complaint was not filed on or about December 13, 2022 when he attempted to file a summons, at which point he contacted the Clerk's Office about the issue. (ECF No. 14-2 at 3.) The Clerk's Office assisted Plaintiff's counsel in successfully filing the Complaint on December 13, 2022. (ECF No. 14 at 6.)

Plaintiff contends that "[t]he simple fact is the Complaint was filed on November 25, 2022 because Plaintiff's counsel's credit card was charged the filing fee for the Complaint on November 25, 2022." (*Id.* at 8.) But paying the filing fee and filing the Complaint are two separate albeit related matters, and initiating a lawsuit certainly requires filing a complaint. Federal Rule of Civil Procedure 3 expressly states, "A civil action is commenced by filing a complaint with the court." Plaintiff's counsel is charged with knowledge of the relevant law, including the Local Rules ("LR") of this Court. LR IC 3-1(b) clearly states: "An electronic document is deemed filed as of the date and time stated on the 'Notice of Electronic Filing.' The Notice of Electronic Filing is emailed to each filer and the date of filing is shown on the docket." And LR IC 2-1(j) makes clear that "[e]ach filer is responsible to monitor his or her email to ensure timely receipt of electronically filed and served documents."

Plaintiff's counsel is a registered e-filer with the Court, as required by LR IC 2-1(a), and his email address is clearly noted on the docket. *See* LR IC 2-1(a) ("Attorneys who are admitted to the bar of this court . . . must register as a "filer" to file documents electronically and must file all documents electronically as set forth in these rules."). Therefore, if he or another party on his behalf had successfully electronically filed the Complaint on November 25, 2022, he would have received an email confirmation in the form of a Notice of Electronic Filing. *See* LR IC 3-1(b). The lack of an email confirmation after Plaintiff's counsel's failed attempt should have immediately alerted him to the issue.[2] Yet he offers no explanation for failing to try filing again or to contact the Clerk's Office

---

[2] According to the Court's CM/ECF records, Plaintiff's counsel has participated in at least 46 cases in this district since 2015, so he should in fact be familiar with the Court's electronic filing system and Local Rules. Moreover, Plaintiff's counsel himself concedes that he "is familiar with the [C]ourt's electronic filing system." (ECF No. 14 at 8.)

4

that same day or shortly thereafter when he knew or should have known that the 90-day limitations period would expire on November 27, 2022. Plaintiff's counsel did not take any action to address the issue until he contacted the Clerk's Office on or about December 13, 2022—18 days later. (ECF No. 14-2 at 3.) Plaintiff's counsel's delay demonstrates a lack of due diligence, and under such circumstances, the doctrine of equitable tolling does not apply.[3] *See Holland v. Fla.*, 560 U.S. 631, 651-52 (2010) ("'[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.") (internal citations omitted); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

The Court therefore finds that Plaintiff's disability discrimination and retaliation claims under the ADA and Nevada law are time-barred. Because amendment would plainly be futile, the Court dismisses these claims with prejudice. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

### B.     Negligent Hiring, Training, and Supervision Claim

Having dismissed Plaintiff's disability discrimination and retaliation claims under the ADA, the Court no longer has original jurisdiction over any claim and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law negligent hiring, training, and supervision claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

---

[3]Moreover, the purported technical issue with CM/ECF does not constitute an "extraordinary circumstance" that made it "impossible" for Plaintiff to file the Complaint on time, as due diligence in inquiring into and addressing the issue would have quickly resolved it. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time").

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant Rookies Inc.'s motion to dismiss (ECF No. 13) is granted in part and denied in part. The Court dismisses with prejudice and grants the motion as to Plaintiff's disability discrimination and retaliation claims. The Court declines to exercise supplemental jurisdiction over and denies the motion as to Plaintiff's state-law negligent hiring, training, and supervision claim.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 10th Day of April 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE